UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WAYNE PRAY, | : |
| | : |
| Petitioner | : |
| | : |
| v. | : CIVIL NO. 3:CV-08-0018 |
| | : |
| RONALD HOLT, | : (Judge Kosik) |
| | : |
| Respondent | : |

## **Memorandum and Order**

Wayne Pray, an inmate confined at the United States Penitentiary at Canaan, Waymart, Pennsylvania, filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 on January 2, 2008. While the petition was submitted pro se and the filing fee paid, counsel entered an appearance on Pray's behalf on March 31, 2008 (Docs. 8, 9). Service of the petition was directed on March 5, 2008. Following an extension of time, a response to the petition was filed on April 10, 2008 (Doc. 12). No traverse has been filed on behalf of Petitioner. In the petition, Pray maintains that he is not within the proper parole guideline range and, although he has been confined for over twenty (20) years, has never had a parole hearing. For the reasons that follow, the petition will be denied.

**I.    Background**

A seven-count criminal indictment was issued against Petitioner in the United

States District Court for the District of New Jersey. Petitioner was convicted of six of the seven drug-related offenses, and sentenced on January 12, 1990. (Doc. 12, Ex. A at 1, BOP Sentencing Monitoring Computation Data.) Petitioner received a life sentence for Count 1 (Engaging in a Continuing Criminal Enterprise), Count 2 (Conspiracy to Distribute and Possession with Intent to Distribute Cocaine and Marijuana) and Count 3 (Possession with Intent to Distribute Marijuana). (Doc. 1, Pet., Att. at 1-4; Doc. 12, Ex. A at 1.) With regard to Counts 4 and 5 (each Possession with Intent to Distribute Cocaine), Petitioner received two concurrent 25-year sentences, to run concurrent with each other and with his life sentence. (Id., Pet., Att. 5-6; Doc. 12, Ex. A at 1.) On Count 6 (Possession with Intent to Distribute Cocaine), Petitioner received a 25-year sentence, to run consecutive to the sentences for Counts 4 and 5, and concurrent to his life sentence. Thus, all total, Petitioner is serving a 50-year sentence to run concurrent to his life sentence. He is not eligible for parole on the life sentence or on the 50-year sentence. (Doc. 12, Ex. A, BOP SENTRY Report at 2.)

**II.    Discussion**

Petitioner maintains that the United States Parole Commission and the Bureau of Prisons has misread and misinterpreted subsection 235(b)(3) of the Sentencing Reform Act, and that the Parole Commission is required to provide him with a parole date within the applicable parole guideline range. He claims that the Parole

2

Commission has refused to do so. In support of his claim, he cites to a decision issued by the United States Court of Appeals for the Third Circuit in the case of Lyons v. Mendez, 303 F.3d 285 (3d Cir. 2002). In Lyons, the petitioner raised an ex post facto claim when he argued that the Parole Commission improperly postponed his release date beyond the guideline range by relying on a 1987 amendment to the Sentencing Reform Act that authorized upward departures, but that such departures were not authorized when Lyons committed his crimes in 1986.

In the instant case, even assuming for the sake of argument that Petitioner committed his crimes within the span of time at issue in the Lyons case, unlike Lyons, the instant Petitioner is not serving any sentence for which he is eligible for parole. Petitioner is serving a life sentence under the Sentencing Reform Act along with a 50-year no parole sentence under 21 U.S.C. § 841(b)(1)(A). He is not eligible for parole on the life sentence or the 50-year sentence and, as such, does not fall under the jurisdiction of the Parole Commission. Clearly, his petition must be denied.

**ACCORDINGLY, THIS 30th DAY OF APRIL, 2008, IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus is **denied**.

2. The Clerk of Court is directed to **close this case**.

*s/EDWIN M. KOSIK*
United States District Judge